IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

```
CAPITAL RESTAURANT HOLDINGS, INC.      :
 1305 Wisconsin Avenue, N.W.           :
 Washington, DC 20007                  :
                                       :
      Plaintiff,                       :
                                       :
           v.                          :    CASE NO:_____
                                       :
HARBOR PLACE ASSOCIATES LIMITED        :
  PARTNERSHIP,                         :
  10275 Little Patuxent Pkwy           :
  Columbia, MD 21202                   :
                                       :
      and                              :
                                       :
GENERAL GROWTH PROPERTIES, INC.        :
110 N. Wasker Drive                    :
Chicago, IL 60606                      :
                                       :
      Defendants.                      :
_____:
```

## COMPLAINT

Plaintiff, Capital Restaurant Holdings, Inc., by and through counsel, hereby files this Complaint against Defendant Harbor Place Associates Limited Partnership and General Growth Properties, Inc., and states as follows:

## PARTIES

1. Plaintiff Capital Restaurant Holdings, Inc. ("Capital Restaurant") is a corporation organized and operated under the laws of the State of Delaware, with its principal place of business in Washington, D.C.

2. Defendant Harbor Place Associates Limited Partnership is a limited partnership, organized and operated under the laws of

the State of Maryland, with its principal place of business in Columbia, Maryland.

3. Defendant General Growth Properties, Inc. ("General Growth") is a corporation organized and operated under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. General Growth is a publicly traded Real Estate Investment Trust, engaged in the business of the ownership, development, operation and management of shopping malls.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C. §15(a).

5. Venue properly lies in this Court pursuant to 28 U.S.C. §1391.

## FACTS

6. On or about January 17, 1997, Capital Restaurant Concepts, Ltd. and Harbor Place entered into a Commercial Lease Agreement ("Lease").

7. On December 30, 2002, Capital Restaurant Concepts, Ltd., with the knowledge and approval of Harbor Place, changed its name to Capital Restaurant Holdings, Inc. ("Capital Restaurant"), which is the Plaintiff in this case.

8. Pursuant to the Lease, Capital Restaurant leased the premises at 301 Light Street, Store No. 1575, Baltimore, Maryland

(the "Premises") from Harbor Place for a term that commenced on or about April 1, 1998 and terminates on January 31, 2011.

9. The Premises are located in the Light Street Pavilion of the Harborplace Shopping Mall ("Harborplace"), adjacent to the waterfront of the Inner Harbor in the City of Baltimore. Harborplace consists of two pavilions, the Pratt Street Pavilion and the Light Street Pavilion, which contain numerous retail shops and restaurants, such as Phillips Seafood, the Cheesecake Factory, White House/Black Market, Urban Outfitters, The Discovery Store, L&N Seafood, California Pizza and The Tasca.

10. At some time prior to the events described below which give rise to the claims herein, upon information and belief, Harbor Place and General Growth entered into a contract for General Growth to provide leasing, development, management and marketing services for Harborplace and for the Gallery Shopping Mall ("the Gallery"). The Gallery is located across the street from the Pratt Street Pavilion, and contains numerous retail stores and restaurants, such as Ann Taylor, Brooks Brothers, Talbots, J.Crew and Coach.

11. Both Harborplace and the Gallery, and the stores and restaurants therein, are engaged in interstate commerce.

12. At all relevant times, pursuant to its contract with Harbor Place or otherwise, General Growth served as the third party manager of both Harborplace and the Gallery, and, upon

information and belief, did so under the auspices of the Third Party Management Division of General Growth.

13.  During the period of time from January 1997, until April 2007, or thereabouts, Capital Restaurant operated a restaurant known as Paolo's at the Premises, a fact that was well known to Defendants.  Capital Restaurant also operates other Paolo's restaurants in Towson, Maryland, Reston, Virginia and Georgetown in the District of Columbia, all of which have been successful and continue to be successful.

14.  In May 2005, or thereabouts, Capital Restaurant informed Harbor Place that Paolo's was experiencing sales problems, and requested an early termination of the Lease.  In response, General Growth represented to Capital Restaurant that it would endeavor to locate a replacement tenant and have Capital Restaurant sign a marketing letter to that effect.  In the Fall of 2005, Kent Digby, the Senior General Manager of General Growth, told Paul Cohn, the Senior Chief Executive Officer of Capital Restaurant, that he need not worry about the restaurant or make plans to vacate the Premises because there would be an impending change as of December 1st.  Also, on or about October 7, 2005, Marc Wertheimer, corporate counsel for Capital Restaurant, received a phone call from Mary White, senior paralegal and part of the Legal Department of General Growth, who stated that Kent Digby, the Senior General Manager for General

4

Growth, had told her that "he was 90% sure that they had a replacement tenant."

15. In reliance upon the foregoing, Capital Restaurant remained in possession of the Premises and incurred additional losses from the operation of Paolo's.

16. At some time in late 2005, Defendants turned down the prospective new tenant, failed to communicate with Capital Restaurant about the ongoing problem, and only made perfunctory efforts to locate another tenant.

17. During the winter of 2006/2007, Capital Restaurant endeavored to change the concept of the restaurant. Capital Restaurant communicated the foregoing to Defendants, which encouraged Capital Restaurant to develop a new concept for the restaurant.

18. The new concept that was developed was to convert Paolo's to a restaurant called the Big Kahuna Cantina ("Big Kahuna").

19. Capital Restaurant shared this new concept with Defendants. It showed their representatives drawings for the renovation, the contemplated menu and proposed new signage for the Big Kahuna.

20. In response to the foregoing, General Growth and/or Harbor Place made representations to Capital Restaurant that it should proceed with the new concept, as described above. General

Growth and/or Harbor Place also represented to Capital Restaurant that Defendants intended to and would renovate the Pavilion and improve the mix of tenants in the Pavilion.

21. In reliance upon the foregoing, Capital Restaurant implemented the new concept, and, in so doing, spent approximately $700,000 to convert Paolo's to the Big Kahuna.

22. Contrary to the foregoing representations, Defendants intentionally frustrated the conversion of Paolo's to the Big Kahuna. For example, they refused to authorize the proposed signage for the Big Kahuna, they did not provide signage in the directory for the Pavilion, they refused to authorize any free standing signage, signage in the awning or signage in planters in front of the restaurant, they refused to give concessions to Capital Restaurant to implement the conversion and arbitrarily enforced various provisions of the Lease.

23. At the same time, Defendants authorized special concessions to other tenants in the Pavilion. For example, they agreed with Phillips Seafood to allow the restaurant to reduce the number of hours that it was open for business during the winter season, agreed to allow seasonal operation of the buffet of the restaurant, agreed to outdoor seating at all times (including off season), agreed that the menu for the restaurant could consist of predominately seafood selections and agreed to allow them to have ample signage. Although Capital Restaurant

6

made requests to Defendants for similar concessions, the requests were routinely denied in a discriminatory manner. Defendants also selectively allowed other tenants to close on favorable terms, while insisting that Capital Restaurant continue to operate and incur substantial operating losses.

24. In addition to the foregoing, during the period of time from mid-2005 until the present, Defendants did not properly maintain the common areas of the Pavilion. Their maintenance of the common areas was substandard. There were rodents resulting from a lack of pest control, incidents of vandalism resulting from a lack of security, and a ceiling pipe that burst sewage into the restaurant on two occasions forcing the restaurant to shut down because of unsanitary conditions. There was also debris, chipped paint and a failure to maintain the common areas in a proper manner.

25. Moreover, General Growth did not effectively promote or market Harborplace. In this regard, during the course of the Lease, Capital Restaurant paid monies into a tenant marketing fund which were not used to promote or market the property.

26. Most recently, Capital Restaurant informed Defendants that the situation at the Premises had become intolerable. On January 18, 2008, General Growth was informed by Capital Restaurant that "the bleeding has got to stop," and that there are serious landlord default issues.

27. On January 24, 2008, there was a meeting of the representatives of Defendants and Capital Restaurant. During the meeting, Capital Restaurant made a good faith effort to resolve the dispute, informed Defendants that they should immediately begin to remarket the Premises and made a proposal to resolve the dispute. Defendants did not make any counter proposal and did not undertake any substantive efforts to remarket the Premises.

28. On February 8, 2008, Capital Restaurant made a written demand on General Growth to remarket the property in an immediate and productive manner and to undertake all necessary efforts to procure a replacement tenant as soon as possible. No response to this letter was received.

29. On March 12, 2008, Capital Restaurant again made demand on counsel for Defendants for a response to the foregoing. For the third time, no response was received.

30. Instead of engaging in any good faith effort to resolve the dispute, Harbor Place has merely sent a notice of default to Capital Restaurant and has filed a claim against Capital Restaurant for unpaid rent for the months of January through March 2008.

## COUNT I
### Violation of the Sherman Act

31. Plaintiff restates and incorporates herein by reference paragraphs 1 through 30 of this Complaint.

32.  There was a contract, combination or conspiracy by and between General Growth, Harbor Place, Phillips Seafood and/or other favored tenants in the Harborplace and the Gallery.

33.  For example, Defendants agreed with Phillips Seafood to allow the restaurant to reduce the number of hours that it was open for business during the winter season, agreed to allow seasonal operation of the buffet of the restaurant, agreed to outdoor seating at all times, agreed that the menu for the restaurant could consist of predominately seafood and agreed to allow the restaurant to have ample signage.  Upon information and belief, they also made similar concessions in a discriminatory manner to other tenants in both Harborplace and the Gallery.

34.  By contrast, despite request, Defendants did not authorize the same or similar concessions for Capital Restaurant, and arbitrarily enforced various provisions in the Lease to the competitive disadvantage of Capital Restaurant.

35.  Moreover, Defendants selectively allowed other tenants to close on favorable terms, while insisting that Capital Restaurant continue to operate, pay its monthly rental obligation and incur substantial operating losses.

36.  The actions by Defendants constitute evidence that tends to exclude the possibility that General Growth, Harbor Place, Phillips Seafood and/or other favored tenants acted independently.

37. The foregoing contract, combination or conspiracy, imposed an unreasonable restraint of trade.

38. As a consequence of the foregoing contract, combination or conspiracy, Capital Restaurant has suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendants Harbor Place Associates Limited Partnership and General Growth Properties, Inc. in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus treble damages thereof, pre-judgment interest, and attorneys' fees and costs of this action.

## COUNT II
### Fraud

39. Plaintiff restates and incorporates herein by reference paragraphs 1 through 38 of this Complaint.

40. As set forth in detail above, during the period of time from May 2005, or thereabouts, until sometime in 2007, Defendants made a series of representations to Capital Restaurant.

41. The representations were false, and were made by Defendants with the intent to deceive Capital Restaurant.

42. Capital Restaurant relied on these representations to its detriment.

43. The reliance by Capital Restaurant on these representations was reasonable under the circumstances.

44. As a direct and proximate cause of the foregoing, Capital Restaurant suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendants Harbor Place Associates Limited Partnership and General Growth Properties in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus pre-judgment interest, and attorneys' fees and costs of this action.

### COUNT III
### Constructive Fraud

45. Plaintiff restates and incorporates herein by reference paragraphs 1 through 44 of this Complaint.

46. As set forth above, Defendants made a series of misrepresentations to Capital Restaurant, upon which it reasonably relied to its detriment.

47. In addition to these misrepresentations, Defendants intentionally frustrated the conversion of Paolo's to the Big Kahuna, refused to give concessions to Capital Restaurant to implement the conversion, arbitrarily enforced various provisions of the Lease against Capital Restaurant and, at the same time, authorized concessions to other tenants in the Pavilion.

48. The actions by Defendants, considered in their entirety and under the totality of circumstances, constitutes constructive fraud.

49. As a direct and proximate cause of the foregoing, Capital Restaurant suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendants Harbor Place Associates Limited Partnership and General Growth Properties in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus pre-judgment interest, and attorneys' fees and costs of this action.

## COUNT IV
## Breach of Contract

50. Plaintiff restates and incorporates herein by reference paragraphs 1 through 49 of this Complaint.

51. As set forth above, on January 17, 2007, Harbor Place and Capital Restaurant Concepts, Ltd. executed the Lease, and thereafter Capital Restaurant became the successor in interest to Capital Restaurant Concepts, Ltd.

52. Section 10.2 of the Lease provides that Harbor Place shall maintain the common areas of the Harborplace.

53. The rider to Section 17.3 of the Lease provides that Harbor Place shall "use reasonable efforts to relet the premises so as to mitigate damages."

54. As set forth in the Fifth Amendment to the Lease, dated May 31, 2007, the Tenant Trade Name was changed from "PAOLO'S" to the "BIG KAHUNA CANTINA" and the "Permitted Use," of the Premises was amended to include the operation of the Big Kahuna.

55.  By its actions set forth above, Harbor Place breached the provisions of Section 10.2, the rider to Section 17.3 of the Lease and the Fifth Amendment to the Lease.  Harbor Place did not properly maintain the common areas, it did not "use reasonable efforts to relet the premises so as to mitigate damages," and it interfered with the Permitted Use of the Premises.

56.  As a direct and proximate result of the breach of contract by Harbor Place, Plaintiff has suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendant Harbor Place Associates Limited Partnership in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus pre-judgment interest, and attorneys' fees and costs of this action.

**COUNT V**
**Breach of Contract**
**(Good Faith and Fair Dealing)**

57.  Plaintiff restates and incorporates herein by reference paragraphs 1 through 56 of this Complaint.

58.  Harbor Place had a duty of good faith and fair dealing in regards to its obligations under the Lease as set forth in Section 10.2, the rider to Section 17.3 of the Lease, the Fifth Amendment to the Lease and the other terms of the Lease.

59.  By their actions set forth above, Defendants have breached this duty of good faith and fair dealing.

60. As a direct and proximate result of the breach of the duty of good faith and fair dealing by Harbor Place, Plaintiff has suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendant Harbor Place Associates Limited Partnership in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus pre-judgment interest, and attorneys' fees and costs of this action.

## COUNT VI
### Intentional Interference with Contract

61. Plaintiff restates and incorporates herein by reference paragraphs 1 through 60 of this Complaint.

62. At all relevant times, General Growth was aware of the Lease by and between Harbor Place and Capital Restaurant.

63. General Growth was the third party manager of Harborplace and the Gallery, and did so under the auspices of the Third Party Management Division of General Growth. As such, during the course of its conduct recited above, it served, or was supposed to serve, as an a third party manager or independent contractor for Harbor Place.

64. In its actions set forth above, and failure to take action, General Growth intentionally interfered with the terms of the Lease. General Growth did not properly maintain the common areas, it did not "use reasonable efforts to relet the premises

14

so as to mitigate damages," and it interfered with the Permitted Use of the Premises. It also intentionally favored other tenants in the Harborplace and Gallery and selectively enforced terms of the Lease, to the economic disadvantage of Capital Restaurant.

65. As a direct and proximate result of the intentional interference with contract by General Growth, Plaintiff has suffered damages.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that judgment be entered against Defendant General Growth Properties, Inc. in an amount of Three Million Dollars ($3,000,000.00) in compensatory damages, plus pre-judgment interest, attorneys' fees and costs of this action.

### COUNT VII
### (Accounting)

66. Plaintiff restates and incorporates herein by reference paragraphs 1 through 65 of this Complaint.

67. As required in Section 11.2 of the Lease, during the term of the Lease, Capital Restaurant has made monthly payments, referred to as Merchants' Association Contributions, to a Merchants' Association for Harborplace, with the intended purpose that the monies will be used for the promotion and welfare of Harborplace.

68. The Merchants' Association is controlled by Defendants, and the expenditures made by that Association are within the sole discretion of Defendants.

69. Upon information and belief, the monies collected from Capital Restaurant and other tenants, have not used for promotion and welfare of Harborplace.

70. There is a present and actual controversy between Plaintiff and Defendants concerning the foregoing.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that this Court order an accounting of the expenditures made, directed or authorized by Defendants Harbor Place Associates Limited Partnership and/or General Growth Properties from Merchants' Association Contributions for the Harborplace property, and for such other relief as this Court may deem just and proper.

## COUNT VIII
### Declaratory Judgment

71. Plaintiff restates and incorporates herein by reference paragraphs 1 through 70 of this Complaint.

72. As set forth above, Harbor Place did not properly maintain the common areas, it did not "use reasonable efforts to relet the premises so as to mitigate damages," and it interfered with the Permitted Use of the Premises.

73. As such, Harbor Place Harbor Place breached the provisions of Section 10.2 of the Lease, the rider to Section 17.3 of the Lease and the Fifth Amendment to the Lease.

16

74. These breaches of the terms of the Lease, individually and/or collectively, constitute a prior material breach of contract by Harbor Place.

75. Accordingly, by operation of law, Harbor Place has been relieved of its ongoing obligation to pay rent under the terms of the Lease.

76. There is a present and actual controversy between Plaintiff and Defendants concerning the foregoing. Defendants assert that they are entitled to collect from Capital Restaurant all of the remaining rent obligations under the Lease even though they have committed a prior material breach of contract.

WHEREFORE, Plaintiff Capital Restaurant Holdings, Inc., respectfully requests that this Court adjudge and decree that Defendant Harbor Place Associates Limited Partnership has committed a prior material breach of the Commercial Lease Agreement dated January 17, 1997, and is therefore barred by operation of law from collecting any additional rent under the terms of the Lease, and for such other relief as this Court may deem just and proper.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
& KARAS, L.L.P.

_____
Dale A. Cooter, Esq. (01743)
James E. Tompert, Esq. (03063)
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C. 20015
(202) 537-0700
efiling@cootermangold.com

**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

```
CAPITAL RESTAURANT HOLDINGS, INC.   :
 1305 Wisconsin Avenue, N.W.        :
 Washington, DC 20007               :
                                    :
     Plaintiff,                     :
                                    :
          v.                        :    CASE NO:_____
                                    :
HARBOR PLACE ASSOCIATES LIMITED     :
   PARTNERSHIP,                     :
   10275 Little Patuxent Pkwy       :
   Columbia, MD 21202               :
                                    :
     and                            :
                                    :
GENERAL GROWTH PROPERTIES, INC.     :
110 N. Wasker Drive                 :
Chicago, IL 60606                   :
                                    :
     Defendants.                    :
_____:
```

## JURY DEMAND

Plaintiff demands a trial by jury on all matters triable by jury set forth herein.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.

*/s/*

Dale A. Cooter, Esq. (01743)
James E. Tompert, Esq. (03063)
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C. 20015
(202) 537-0700
efiling@cootermangold.com

*Counsel for Plaintiff*